509 P.2d 651

Eli B. RIESS, on behalf of himself and all other taxpayers of the City of Tucson, State of Arizona, Appellant,

v.

The CITY OF TUCSON, a municipal corporation; Lewis C. Murphy, as Mayor; and the City Council of the City of Tucson, Appellees.

No. 2 CA–CIV 1332.

Court of Appeals of Arizona, Division 2.

May 1, 1973.

Rehearing Denied June 11, 1973.
Review Denied July 17, 1973.

Messing, Hirsh & Franklin, P. C., by William Messing and George J. Feulner, Jr., Tucson, for appellant.

Herbert E. Williams, City Atty., City of Tucson, by Frederick S. Dean, Tucson, for appellees.

HATHAWAY, Chief Judge.

The City of Tucson undertook to purchase the "Old Levy Building" situated in downtown Tucson and the appellant, opposing the purchase, secured a temporary restraining order, temporarily preventing the city from proceeding with the purchase.

The city filed its answer taking issue with the appellant's opposition, and the matter was set down for hearing on the order to show cause why the temporary restraining order should not be continued in force and effect *pendente lite*. The court took the matter under advisement and subsequently quashed the temporary restraining order and entered judgment in favor of the City of Tucson. The court thereafter entered findings of fact and conclusions of law and an amended judgment in favor of the city was filed.

Appellant's principal concern on appeal appears to be directed to the court's final disposition of the plaintiff's cause of action at a stage of the proceedings where it is submitted that the court had before it the sole issue of whether the defendant should continue to be restrained *pendente lite*. However, it does appear from the record that the court made clear its intent to consider the matter on the merits. The court stated:

"Gentlemen, I want to have this case entirely upon its merits so that either party will never have to do it again, we'll make your complete record and no matter how I rule, I presume the appellate court will probably get a chance to look at the entire proceeding, so I want to make the record complete.

Let the record show the court will take the motion under advisement and will direct the defendant to put on any testi-

**580**

mony they desire and the court will rule on the merits of the case."

At the end of the case the court further stated:

"It's the court's intent to rule on the merits. The matter being submitted, I want to study some exhibits which I'll try and do now. I hope to get a decision out very speedily in this case. It's a case that has to be decided speedily, so we're at recess.

The following minute entry order for judgment was entered.

"This court has no jurisdiction to substitute my judgment for the judgment of the Tucson City Council relative to the wisdom of the purchase of the Levy property.

This court can only invalidate the decision of a duly elected public body when that decision is either tainted with fraud, or is so inequitable and unreasonable that it amounts to a palpable abuse of discretion.

From the evidence presented there is no claim or evidence of any fraud and the facts in the case do not warrant a finding that there was an abuse of discretion by the Mayor and City Council of the City of Tucson that would legally justify the intervention of this court."

The court then proceeded to order the quashal of the temporary restraining order and that the plaintiff's application for a permanent injunction be denied. Counsel for the defendant was directed to prepare a formal, written judgment, which was done. Opposition was made by the plaintiff to the proposed form of judgment, but the opposition, although raising a number of points, did not include the principal point raised on appeal, namely that the court should not have decided the matter upon its merits.

Rule 65(a)(2) of the Arizona Rules of Civil Procedure, 16 A.R.S., provides:

"Consolidation of hearing with trial on merits. Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial. . ."

Impliedly, at least, the court chose to consolidate the hearing with trial on the merits. Counsel was plainly apprised of the court's decision and made no objection at any stage of the proceedings. The appellant is in no position to complain of the matter on appeal.

Affirmed.

KRUCKER and HAIRE, JJ., concur.